Re Naturalization of Villiers y Urdaneta.

# IN RE NATURALIZATION OF GEORGE AMEDEÉ BOULOGNE SAINT VILLIERS Y URDANETA.

San Juan.

## AMERICAN CITIZENSHIP.

Naturalization—Three Methods.

1. In Porto Rico, besides the general Naturalization Law, there was the wholesale naturalization by the Jones Act of 1917 and special court naturalization of children of foreigners provided in § 5 of that act.

Jones Act—English Language.

2. The analogy of the general Naturalization Law is followed in court proceedings under the Jones Act in all particulars except the requirement of speaking English.

Citizenship—Hyphenation.

3. An American citizen can owe but one allegiance, and wherever situated must oppose any attempt at separation from the Union. The United States knows no divided sovereignty.

Opinion filed June 25, 1920.

HAMILTON, Judge, delivered the following opinion:

The application before me is that of a resident of Vieques, which is a part of this district of Porto Rico, who was born in this district, and whose father was a foreigner, in this case a Frenchman. He has made the necessary proof of these facts and desires to take the oath of allegiance under § 5 of the Jones Act of March 2, 1917. Many were admitted under this provision within a year after the passage of the act, and the petitioner applies under the clause which allows application within one year after coming of age.

1. This, therefore, is not an application under the general Naturalization Law, and is an application under the Jones

Re Naturalization of Villiers y Urdaneta.

Act. On the other hand, it is not part of the naturalization by statute made by Congress under that act for the inhabitants of Porto Rico who were Spaniards prior to the Treaty of Paris.

It seems, therefore, that there are in Porto Rico three different methods of becoming American citizens. The one most generally thought of is the wholesale creation of American citizens under § 5, the only condition of which is previous Porto Rican citizenship and failure to disclaim American citizenship within one year after the passage of the Act of Congress of March 2, 1917. This is analogous to what Congress has often done in the past in the way of making citizens of the inhabitants of territory incorporated into the Union, or of Indians residing within the territorial limits of the United States. In such cases there has generally been no requirement that the new citizens take the oath of allegiance or that they understand the English language. Taking the oath of allegiance has always been required under the general naturalization laws, and speaking the English language has been required thereunder, at least since the Act of 1906. This general policy was extended to Porto Ricans, and no questions connected with this are before the court on the present application. There is a new feature which was not clear until a decision of the Supreme Court that the territory on which the new citizens resided was not incorporated into the Union. Whether nonincorporation, not taking the oath of allegiance, and not understanding the language in which the American institutions are found, makes any difference in the duties of persons who have been made citizens by act of Congress, is not involved in this application, and need not be discussed until the question arises.

2. The application in question has, by the practice of this court, been considered as a shortened form of naturalization,

Re Naturalization of Villiers y Urdaneta.

implying in the oath of allegiance which is exacted the same requirements which are necessary under the general Naturalization Law, with probably the exception that knowledge of the English language is not provided for. This court has held that under the general scheme of the Jones Bill as to people living in Porto Rico this requirement cannot be implied, although it would unquestionably be a great aid towards the true Americanization of the applicant. How one can become a full American without understanding the national language is a difficult problem. Nevertheless, such seems to be the plan of Congress in regard to naturalization of children of foreigners in Porto Rico, and the court has no right to add to the requirements fixed by Congress itself. With this exception, however, it is not perceived that the requirements in this case are different from those under the general Naturalization Law. The fact that the examination is to be had by a Federal court is a tacit adoption of the procedure of the Federal court in similar cases. This court knows no difference between citizens. It enforces the same rights and duties in all cases.

3. The provisions of the general Naturalization Law, therefore, will be enforced with the single exception of the question of speaking English. Even this is not material in the case at bar, as the applicant does speak and understand English, and the court will not proceed to the matter of admitting him.

Mr. Applicant, the witnesses whom you have brought have testified to the jurisdictional requirements necessary to your admission, to your good moral character, and to your having the qualifications of a good citizen. Before permitting you to take the oath of allegiance, it becomes my duty to ask some questions to see whether you understand the full import of this proceeding. If you are unwilling to take the oath upon the

Re Naturalization of Villiers y Urdaneta.

terms I am about to indicate, you have the right to refuse and apply to a higher court to compel me, by mandamus or otherwise, to take another view of the law.

Your application requires the same general qualifications as the general Naturalization Law of 1906, and that proceeding is the same here as it is in Boston or San Francisco or Mobile. The requirements are identical, the procedure of the Federal courts is the same, and has been the same for many years. My remarks are the same that I have made to every applicant for citizenship since I came here in 1913, and I do not doubt are the same that have been made since this court was founded in 1900.

You are seeking what I am sure is the greatest honor which exists in the world, that is, American citizenship. You will thereby become a citizen of the greatest nation on the globe, the greatest in material resources, the greatest in its ideals and aspirations. The proceeding here consumes only a few minutes, but you are doing something which will influence your whole life, and, so far as you can effect it, influence the destiny of the country itself.

In the first place, by your oath you recognize that there is but one sovereign in the United States and its territories, and that sovereign is the people of the United States. They are divided for internal purposes into states and territories, but collectively they make the American sovereignty. There cannot legally be what is commonly called a hyphenated American, that is, one whose feelings and allegiance are due to any country or any sovereign except the United States of America.

In the second place, you promise true allegiance to that sovereignty, and that means an undivided allegiance. If, wherever you happen to live, whether that be San Francisco, New York,

Re Naturalization of Villiers y Urdaneta.

Chicago, or Porto Rico, there is any movement looking to separation from the United States, you are bound to oppose it with all your influence and with all your means, even unto death. The United States knows no divided sovereignty. One is an American or he is not an American; there is nothing between.

In the third place, the sovereignty is that recognized by the Constitution of the United States; and while this instrument can be amended, it can only be amended by the method provided by itself. Not only can there be no revolution, but the divisions of government are final until such amendment. Any movement, for instance, towards recognizing small bodies of men or Soviets as authoritative, is not only un-American, but illegal. Any change which is thought proper can be made through the authorized forms, but not by force. The limits fixed by the Constitution and the laws are binding until amended as already described; and no one department, and no one set of men, no matter how organized or described, may usurp functions of government outside of the limits so prescribed.

You perceive, therefore, that you can become an American citizen through the action of this court only by an entire singleness of purpose, an entire loyalty to the United States as your country, an entire change from any kind of allegiance, practical or theoretical, which you may have had towards your previous sovereign, the French Republic. If you take this oath and violate it in any essential part, you will be guilty of treason and be liable to the punishment of a traitor.

I now, therefore, solemnly ask you whether you are willing to take the oath of allegiance understood in this manner.

You have indicated your desire to take the oath as I have interpreted it, and the clerk will now read it to you, after which you will subscribe it. Thereupon it will be my great pleasure

.to welcome you as an American citizen, and to that end extend the right hand of fellowship.